**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**OCT 15 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

IVAN STEPANOVICH KRAVCHUK,
(originally indicted as Ivan Stephanovich
Krauchuk, then amended to reflect true
name of Ivan Stepanovich Kravchuk),

    Defendant-Appellant.

No. 03-5198

(D.C. No. 01-CR-106-C)
(N.D. Oklahoma)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Defendant Ivan Stepanovich Kravchuk appeals the district court's ruling imposing

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

restitution in the amount of $9,000. He contends the district court erred in calculating the amount of restitution, and also in failing to make specific findings to support its restitution calculation as required by Federal Rule of Criminal Procedure 32(c)(1). Upon review of the district court's findings after remand, we affirm.

In his prior appeal, defendant raised issues challenging both his conviction for violation of 18 U.S.C. § 2113(b) (theft of an automatic teller machine) and his sentence. See United States v. Kravchuk, 335 F.3d 1147 (10th Cir. 2003) (Kravchuk I). We affirmed his conviction and rejected several challenges to his sentence, but remanded, as is pertinent here, for the district court to make written findings regarding defendant's objections to his presentence report.

In Kravchuk I, defendant disputed the amount of restitution determined to be owed to one of his victims. He argued there was no evidentiary basis to support the district court's adoption of $9,000 as the amount of the loss. In Kravchuk I, this court concluded "the district court did not clearly err in its factual findings, and did not abuse its discretion in the calculation of the award." 335 F.3d at 1158. Therefore, "[b]ecause there was evidence in the record to support the district court's factual determination of the $9,000, we upheld the substance of its findings." Id. at 1160. However, the district court did not reduce its factual findings to writing as required by Federal Rule of Criminal Procedure 32(c)(1) and this court remanded to the district court "for it to reduce to writing its factual

findings regarding Kravchuk's objections to his presentence report." Id. at 1161.[1]

On remand, the district court made findings in response to each of defendant's objections. The factual finding in response to defendant's objection as to the amount of the loss states in pertinent part:

> Upon further examination of the information related to money which was located in the floor safe, it was a reasonable conclusion that the safe contained $9,000 rather than $16,500. The victim is unable to document the amount of money he had in the safe at the time [it] was removed by the defendant from the store. In addition, statements made by other robbery participants and information gathered during the investigation, led to the reasonable conclusion that the safe contained no more than $9,000.

Statements of Reasons at 3; see also Transcript of Resentencing at 7. Defendant argues the district court has again failed to comply with Rule 32(c)(1) by failing to give a detailed analysis or sufficient reasons for the $9,000 amount and that the case should again be remanded.

In Kravchuk I, the court found "the testimony of Kravchuk's co-participants at

---

[1] Rule 32(c)(1) has been reformatted and the current version appears in several subsections of Federal Rule of Criminal Procedure 32(i). At the time of defendant's sentencing, Rule 32(c)(1) read as follows:
> At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report. The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections. For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. A written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons.

3

trial about the amount of money each of them had kept from the crime" to be sufficient to demonstrate that the court did not clearly err in its factual findings, and did not abuse its discretion in calculating the restitution amount.  Id. at 1157.  On remand, the district court made written findings that its determination was based upon "statements made by other robbery participants, the amount of cash found on the participants at the time of their arrest, and information gathered during the investigation," which led "to the reasonable conclusion that the safe contained a conservative estimate of $9,000."  Transcript of Resentencing at 7.  As instructed, the district court reduced to writing its factual findings regarding the $9,000 amount of restitution.  See Statement of Reasons at 3.

     AFFIRMED.

                                Entered for the Court

                                Mary Beck Briscoe
                                Circuit Judge